UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN B. SNOW,<br><br>    Defendant. | No. CR-05-221-RHW-7<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND SETTING CONDITIONS OF RELEASE |

At the February 8, 2006, hearing on Defendant's Motion for Reconsideration (Ct. Rec. 121) Assistant U.S. Attorney K. Jill Bolton appeared for the United States. Defendant was present with Assistant Federal Defender Robert R. Fischer. The United States did not oppose the Defendant's proposed release into inpatient treatment, provided treatment does not interfere with Defendant's presence at a pretrial conference scheduled for February 22, 2006.

**IT IS ORDERED** the Defendant's Motion **(Ct. Rec. 121)** is **GRANTED.** Defendant shall be released, subject to the following conditions:

1. **On or after February 23, 2006,** Defendant shall be released to participate in an intensive inpatient treatment program at Pioneer Center East, **unless Defendant receives permission from the**

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
AND SETTING CONDITIONS OF RELEASE - 1

1  **inpatient treatment provider for an earlier bed date that does not**
2  **interfere with Defendant's February 22, 2006, court date, or unless**
3  **otherwise directed by the trial court.** Prior to release, an
4  **available bed and date of entry must be confirmed to the court by**
5  **Pretrial Services.** Defendant shall comply with all of the rules of
6  the treatment program. If Defendant fails in any way to comply or
7  cooperate with the requirements and rules of the treatment program,
8  Pretrial Services shall notify the court and the U.S. Marshal, who
9  will be directed to immediately arrest the Defendant. Defendant
10 shall be responsible for the cost of the treatment. Full mutual
11 releases shall be executed to permit communication between the
12 court, Pretrial Services, and the treatment vendor. **Treatment shall**
13 **not interfere with Defendant's court appearances.** Following
14 inpatient treatment, Defendant shall participate in an aftercare
15 program.

16  2.  **Defendant shall be released to his mother, to be**
17 **transported directly to inpatient treatment at Pioneer Center East.**

18  3.  **Prior to successful completion of the inpatient treatment**
19 **program, defense counsel shall contact the court to schedule a**
20 **status hearing within two business days following his release from**
21 **inpatient treatment.**

22  4.  Following inpatient treatment, Defendant shall participate
23 in outpatient treatment and shall reside at Turner House. If
24 Defendant fails in any way to comply or cooperate with the
25 requirements of Turner House, Pretrial Services immediately shall
26 notify the court. Defendant shall be responsible for the cost.

27  5.  Defendant shall not commit any offense in violation of
28 federal, state or local law. Defendant shall advise his supervising

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
AND SETTING CONDITIONS OF RELEASE - 2

Pretrial Services Officer and his attorney within one business day of any charge, arrest, or contact with law enforcement.

    6.    Defendant shall advise the court and the United States Attorney in writing before any change in address.

    7.    Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

    8.    Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

    9.    Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

    10.    Defendant shall not possess a firearm, destructive device or other dangerous weapon.

    11.    Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

    12.    Defendant shall refrain from the use of alcohol, and the use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

    13.    Defendant shall report to the United States Probation Office before or immediately after her release and shall report as often as they direct, at such times and in such manner as they direct. Defendant shall contact his attorney at least once a week.

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
AND SETTING CONDITIONS OF RELEASE - 3

1 **Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an arrest warrant, revocation of release and prosecution for contempt of court, which could result in imprisonment, a fine, or both. Specifically, Defendant is advised a separate offense is established by the knowing failure to appear and an additional sentence may be imposed for the commission of a crime while on this release. In this regard, any sentence imposed for these violations is consecutive to any other sentence imposed.**

DATED February 8, 2006.

                  S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
AND SETTING CONDITIONS OF RELEASE - 4